UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY BUMBARGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| COMENITY BANK, | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) |

## COMPLAINT

AMY BUMBARGER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMENITY BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing Pittsburgh, Pennsylvania 15236.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Plaintiff never provided permission to Defendant to call her cellular telephone number or to contact her regarding any goods or services offered by Defendant.

14. Beginning in February 2015, and continuing through late May 2015, Defendant called Plaintiff on her cellular telephone an average of four (4) to five (5) times each day.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's messages would state its name.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In February 2015, Plaintiff spoke with Defendant and told them to stop calling her on her cellular telephone.

19. Defendant heard Plaintiff's revocation of consent, but did not update its records.

20. Rather, Defendant continued calling Plaintiff on her cellular telephone.

21. Plaintiff estimates that Defendant called her on her cellular telephone forty seven (47) times after she revoked consent in early February 2015.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, in and after February 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, AMY BUMBARGER, respectfully prays for a judgment as follows:

     a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

     b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

     c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

     d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

     e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AMY BUMBARGER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 30, 2015    KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*_____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com